IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE BIOMECHANICS LLC,     § <br>     *Plaintiff*,     § <br>     § <br> *v.*     § <br>     § <br> INTERNATIONAL FITNESS     § <br> PROFESSIONALS ASSOCIATION, INC.     § <br> and DR. JAMES BELL     § <br>     *Defendants*.     § | CASE NO.  6:22-cv-974 |

**PLAINTIFF'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY**

TO THE HONORABLE COURT:

1.  Plaintiff The BioMechanics LLC ("BioMechanics") moves to compel Defendants International Fitness Professionals Association, Inc. ("IFPA") and Dr. James Bell ("Bell") to properly respond to discovery addressing jurisdiction and to present Bell for deposition to address the jurisdictional facts and potential spoliation issues.

2.  This is a copyright infringement and breach of contract suit arising within the competitive market for the credentialing of fitness and exercise professionals. Both Defendants move to dismiss for lack of personal jurisdiction. Plaintiff seeks this discovery to prepare its response to:

> (1) Defendant International Fitness Professionals Association's First Amended Motion to Dismiss Under Rule 12(b)(2) for Lack of Personal Jurisdiction, Under Rule 12(b)(3) for Improper Venue, and Under Rule 12(b)(6) for Failure to State a Claim (Dkt. 15) ("hereinafter IFPA's Amended MTD") and
>
> (2) Dr. James Bell's Motion to Dismiss Under Rule 12(b)(2) for Lack of Personal Jurisdiction and Under Rule 12(b)(3) for Improper Venue (Dkt. 13) ("Bell's MTD").[1]

---

[1] Collectively, the Defendants' motions to dismiss shall be referred to as "Defendants MTDs."

3.      The Defendants agreed to certain preliminary written jurisdictional discovery, which the Court approved.[2] However, Defendants failed to properly respond to the written discovery and produce documents and relevant materials as detailed herein. Defendants produced only 3 documents. Copies of the written discovery responses are attached hereto as Exhibits 1 – 5.

4.      Plaintiff repeatedly attempted to confer with Defendants to resolve these discovery disputes. Plaintiff's counsel had two conference calls with counsel for Defendants, one with Mr. Thomas Howard and one with Mr. Scott Brenner. Additionally, counsel sent multiple email communications. With respect to the requests for production and interrogatory responses, Defendants' counsel repeatedly told Plaintiff's counsel that Defendants would either (a) produce the requested information or (b) would confer further with their clients and get back to counsel. However, Defendants failed to produce the responsive documents and information, and failed to respond to Plaintiff's counsel follow-up emails and phone calls. During the course of conferencing, Defendants' counsel also relayed that there may have been destruction of some electronic evidence.

5.      Plaintiff's counsel requested Defendant Bell's deposition. Defendants' counsel initially indicated that they would provide deposition dates, but subsequently stated that they would not present Defendant Bell without a Court order.[3]

6.      Accordingly, Plaintiff files this Motion seeking to compel Defendants to properly respond to the jurisdictional discovery and to compel Defendants to present Dr. Bell for deposition.

---

[2] Plaintiff's Unopposed Motion to Extend Time to Respond to Motions to Dismiss (Dkt. 16).

[3] As noted in Plaintiff's Unopposed Motion to Extend Time to Respond to Motions to Dismiss (Dkt. 16), the parameters of the agreed-upon discovery were set forth without prejudice to Plaintiff's right to seek additional discovery.

**BACKGROUND & DISCOVERY REQUESTS**

7. Defendant IFPA is a certifying agency for fitness professionals. IFPA provides certification programs for fitness professionals and sells its products internationally and throughout the United States, including throughout Texas.

8. Plaintiff is a company that creates and delivers corrective exercise courses and materials to fitness, exercise and health professionals. Based on a contract providing for IFPA's distribution of Plaintiff's works, Defendants received copies of Plaintiff's copyrighted course materials and an early-release copy of its 448-page book on corrective exercise. After receiving Plaintiff's works, instead of selling Plaintiff's courses as agreed, Defendants repudiated the distribution agreement and proceeded to develop competing courses that are derived from and based on Plaintiff's book and course materials. Defendants' course materials copy Plaintiff's works and contain nearly a hundred instances of *verbatim* infringement and plagiarism, not to mention the significant portions of text that are substantially similar. By this conduct, Defendants breached the parties' distribution agreement, as well as the Copyright Act.

9. As detailed in Plaintiff's Original Complaint and Jury Demand (Dkt. 1), the Defendants infringed on Plaintiff's works in articles published on their website (purportedly authored by Dr. Bell) and promoting certain IFPA FitBit courses, as well as in connection with their *IFPA Corrective Exercise Specialist Course*.

10. In addition to the sale of courses and materials, IFPA's business model encompasses the certifications of fitness professionals. When an individual purchases any one of a number of certification courses and passes a certification exam, they become an IFPA member and can then promote themselves as "IFPA certified."[4]  The IFPA certifications expire after two years, at

---

[4] *See IFPA,* Frequently Asked Questions,  *https://www.ifpa-fitness.com/faq* ("How do I become and IFPA

which point the IFPA member may renew their membership and certification by taking continuing education, which includes but is not limited to the IFPA's FitBit courses.[5]

11. IFPA requires its members to submit various forms and information (including but not limited to addresses) which would identify the location of the customers.[6]

12. On IFPA's website, Defendant Bell boasts that IFPA has a "team of over 300,000 personal trainers and fitness professionals worldwide":



[7]

13. IFPA admits that it has members in Texas and issues certifications and/or renewals to persons in Texas, but Defendants have refused to disclose how many members are in Texas or produce documents and communications with said members.[8] Additionally, Defendants refuse to disclose information regarding the total sales to Texas during the relevant period.

---

Member?") (last visited March 7, 2023).

    [5] See *id.*

    [6] *See id.* at "What is a CEU Report Form; and is it really necessary that I fill it out?"; *see also* Ex. 8: IFPA, *Recertification* (last visited March 7, 2023).

    [7] *See* IFPA, https://www.ifpa-fitness.com/ (last visited Mar. 3, 2023).

    [8] *See* Ex. 3 IFPA Resp. to 1st RFAs at No. 10.

14. During a telephone conference call, counsel for Defendants relayed that he would advise his clients to produce the information regarding all sales to Texas and the identification of the Texas members. However, Defendants failed to produce the materials and ignored Plaintiff's counsel's subsequent emails and telephone calls. Accordingly, Plaintiff moves to compel production of this information, which is responsive to request for production No. 1 and interrogatory Nos. 1 and 2 to Defendant IFPA.[9]

15. Plaintiff has also requested documents and communications exchanged with Texas residents, which Defendants have refused to produce. Through the IFPA website, Defendants solicit communications from customers through the world, including Texas. As late as November 2022, the IFPA webpage "Ask Dr. Bell" included a prompt whereby communications were solicited from customers.[10]

16. Defendants did not produce *any* emails, messages, forms, receipts, certifications, or contracts with Texas residents. During telephone calls conferencing this issue, Defendants' counsel indicated they would confer with their client regarding this request. However, Defendants failed to produce the materials and ignored Plaintiff's counsel's subsequent emails and telephone calls. Accordingly, Plaintiff moves to compel production of this information which is responsive to request for production 2 to Defendant IFPA and Defendant Bell.[11]

17. In addition to its website, IFPA maintains accounts on social media platforms, including Facebook and Instagram, which are accessible to Texas consumers. IFPA advertises its products,

---

[9] *See* Ex. 1 IFPA Resp. to 1st RFPs No. 1; Ex. 2 IFPA Resp. to 1st Roggs Nos. 1, 2.

[10] *See* Ex. 6: IFPA, *Ask Dr. Bell*, formerly available at www.https://www.ifpa-fitness.com/ask-dr-bell/ (last visited Nov. 22, 2022).

[11] *See* Ex. 1 IFPA Resp. to 1st RFPs No. 2; Ex. 4 Bell Resp. to 1st RFPs No. 2

memberships, and events to users and exchanges digital messages and communications with Texas residents via these platforms. Plaintiff requested the production of the accounts and identification of the followers. Plaintiff provided Defendants' counsel with instructions from Facebook regarding the manner in which the account information could be requested and easily produced.[12] Defendants' counsel indicated that they would confer with their client regarding this request. However, Defendants failed to produce the materials and ignored Plaintiff's counsel's subsequent emails and telephone calls. Accordingly, Plaintiff moves to compel production of this information which is responsive to request for production No. 6 to Defendant IFPA.[13]

18. IFPA's website indicates that its certifications exams are proctored in Texas.[14] While conferencing this motion, IFPA's counsel relayed that exams are currently given online through a third-party provider. Plaintiff requests that Defendants be ordered to retrieve the information from the third party and produce documents and information regarding the exams given to Texas residents, which is responsive to request for production No. 5 and interrogatory No. 3 to Defendant IFPA.[15]

19. In addition to the foregoing, Plaintiff's seek to compel Defendants to produce Dr. Bell for deposition. Plaintiff's wish to depose Dr. Bell regarding the extent of the Defendants' contacts with Texas and the manner of interaction with the IFPA's members and consumers in Texas. During the conferencing of these discovery disputes, Defendants indicated that Dr. Bell does engage in promotional events via various online services, but could not disclose the particulars.

---

[12] *See* Ex. 7: Facebook Download Instructions.

[13] *See* Ex. 1 IFPA Resp. to 1st RFPs No. 6.

[14] *See* IFPA, *Candidates and Procedures*, https://www.ifpa-fitness.com/candidate-policies-procedures (last visited March 7, 2023).

[15] *See* Ex. 1 IFPA Resp. to 1st RFPs No. 1; Ex. 2 IFPA Resp. to 1st Roggs Nos. 1, 2.

Additionally, in conferencing these discovery issues, Defendants' counsel indicated that there were issues concerning the maintenance of the IFPA website and it is possible that certain responsive information and communications were destroyed. Plaintiff wishes to depose Dr. Bell regarding potential spoliation of relevant evidence.

## PRAYER

20. Plaintiff respectfully request that that Defendants be compelled to produce documents and information responsive to the discovery requests as detailed herein. Plaintiff further requests that Defendants be compelled to present Dr. Bell for deposition.

21. As discussed herein and reflected in the certificate of conference, Plaintiff has attempted to resolve these discovery disputes without court intervention, but has been unable to do so.

22. Plaintiff's current deadline to respond to Defendants' MTDs is March 13, 2023. Plaintiff respectfully request that the deadline to respond be extended until this Motion to compel is considered and ruled upon by the Court.

DATED: March 8, 2023                     Respectfully submitted,

                                                  DUNAHM LLP
                                                  919 Congress Avenue, Suite 910
                                                  Austin, Texas 78701
                                                  512.615.1255 (phone)
                                                  512.612.1256 (facsimile)

                                                 By */s/ I. Antongiorgi*
                                                     Isabelle M. Antongiorgi
                                                     State Bar No. 240599386
                                                     Email: isabelle@dunhamllp.com
                                                     David E. Dunham
                                                     State Bar No. 06227700
                                                     Email: david@dunhamllp.com
                                               ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF CONFERENCE**

      I, the undersigned, hereby certify, that I conferred with Mr. Scott Brenner and Mr. Thomas Howard, counsel for Defendants, via email and on the telephone, regarding the discovery disputes addressed in this Motion. Plaintiff's counsel first contacted Mr. Brenner via email on January 12, 2023, requesting Dr. Bell's deposition and a telephone call to conference discovery issues. The parties subsequently had a telephone call regarding the disputed discovery. On January 18, 2023, I spoke with Mr. Brenner on the telephone regarding the discovery issues and settlement prospects. On January 19, 2023, Mr. Brenner indicated via email that he was "working on the other discovery issues." On January 26, 2019, I sent Mr. Brenner an email detailing several discovery issues that were discussed on the call and requesting feedback. I followed up with several emails and voice mails to Mr. Brenner. I did not receive a response. On February 6, 2023, I received an out-of-office reply from Mr. Brenner's email account indicating that he would be out of the office until February 13, 2023. I contacted Mr. Howard via email that day to advise him of the situation and the status of discovery conferencing. Mr. Howard and I spoke on the phone on or about February 9, 2023. Counsel represented that he would direct his client to produce certain information and would confer with his client regarding some requests. Mr. Howard indicated that Mr. Brenner would be in touch the following week when he returned from out of town. However, Defendants did not produce any materials and counsel failed to respond to my subsequent emails and calls.

                                                                       /s/ Isabelle M. Antongiorgi
                                                                       Isabelle M. Antongiorgi

## CERTIFICATE OR SERVICE

I, the undersigned, hereby certify that Plaintiff's Motion to Compel Jurisdictional Discovery was filed through the Court's ECF System on March 8, 2023, and thereby served on the following counsel of record:

Scott Brenner
Email: sbrenner@thowardlaw.com
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd. #100
Louisville, CO 80027
Telephone: (303) 665-9845
COUNSEL FOR DEFENDANTS

And

Daniel M. Branum
State Bar No. 24064496
Email: dan@branumpllc.com
BRANUM PLLC
103 East Main Street
Onley, TX 76374
Telephone: (940) 564-5299
Fax: (940) 247-3406
LOCAL COUNSEL FOR DEFENDANTS

                                            /s/ Isabelle M. Antongiorgi
                                            Isabelle M. Antongiorgi