# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **THE BIOMECHANICS LLC,** *Plaintiff*, <br><br> v. <br><br> **INTERNATIONAL FITNESS PROFESSIONALS ASSOCIATION, INC.** and **DR. JAMES BELL** *Defendants*. | § § § § § § § § § § § § CASE NO. 6:22-cv-974-ADA-JCM |

**INTERNATIONAL FITNESS
PROFESSIONALS ASSOCIATION, INC.'S
RESPONSE TO THE BIOMECHANICS LLC'S
FIRST SET OF REQUESTS FOR PRODUCTION**

     International Fitness Professionals Association, Inc. ("IFPA"), by and through its undersigned counsel, hereby submits the following responses to The Biomechanics LLC, First Set of Requests for Production. IFPA expressly reserves the right to continue its discovery and investigation for facts, witnesses, and supplemental data, which may reveal information that, if presently within its knowledge, would have been included in these objections and responses. Accordingly, the objections and responses below represent only information currently known following reasonable investigation in responding to these discovery requests with the time and reasonable resources available. The objections and responses set forth below do not preclude IFPA from relying on information discovered after further investigation or discovery, which, if known at this time, would have been included in these objections and responses.

These requests cover the period from January 1, 2018, through the present unless otherwise indicated.

**REQUEST FOR PRODUCTION NO. 1:** Produce all Documents and Communications referencing any sale of any IFPA course, product, or service or any issuance of a certification or renewal to any Texas resident or any person with a Texas address, including but not limited to any records reflecting purchases paid for with credit or debit cards or accounts associated with Texas addresses. This request includes but is not limited to any IFPA products or services offered by or through a third party which may be purchased by Texas consumers via the internet or otherwise.

**RESPONSE:** Objection. This request for Documents and Communications related to "the sale

of any IFPA course, product, or service or any issuance of a certification or renewal" is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. Further, it seeks information that is not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint. Only Documents and Communications related to the accused works are relevant to whether the Court has specific jurisdiction over IFPA.

Without waiving any objections, IFPA is producing its sales records from April 2018 through November 2022 for the following works identified in the Complaint: *IFPA Corrective Exercise Specialist Course*; *Does Self Myofascial Really Work?*; *Corrective Exercise Program Design for Back Pain*; and *FITBIT04_2020 Corrective Exercise Program Design for Back Pain*) as IFPA_0001.

IFPA does not have possession or control of purchaser records for IFPA products or services offered by or through a third party.

**REQUEST FOR PRODUCTION NO. 2:** Produce all Documents and Communications exchanged with any persons or entities associated with a Texas address, including but not limited to, any questions or comments submitted via IFPA's Website, any forms filled out by IFPA customers listing a Texas address, and any chats or digital messages exchanged through the IFPA Website or any social media platform (e.g. Facebook, Instagram, Twitter, LinkedIn, Tic Tok, etc.…)

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint. Only Documents and Communications related to the accused works are relevant to whether the Court has specific jurisdiction over IFPA. It imposes an undue burden on IFPA to review five years of "Documents and Communications" from January 1, 2018, to the present to determine if the person or entity is "associated with a Texas address." The phrase "any persons or entities associated with a Texas address" is ambiguous as to what it means to be "associated." Online chats and social media platforms do not usually include the user's name or address, making it unduly burdensome to determine if the user is "associated with a Texas address." Moreover, only Documents and Communications related to the accused works identified in the Complaint are relevant to whether the Court has specific jurisdiction over IFPA. IFPA produced the sales records for the accused works and identified the limited sales in Texas and the District.

Without waiving any objections, see IFPA_00001.

**REQUEST FOR PRODUCTION NO. 3:** Produce all contracts between IFPA and any third parties pursuant to which IFPA products, services, or certifications are available for purchase in Texas via the internet or otherwise.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint. Only contracts related to the accused works are relevant to whether the Court has specific jurisdiction over IFPA. IFPA produced the sales records for the accused works and identified the limited sales in Texas and the District.

Without waiving any objections, IFPA does not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 4:** Produce all webpages from the IFPA Website (current and former) which are or were accessible in Texas at any time from January 1, 2018, through the present.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint. Moreover, the burden and expense of collecting and producing "all" "current and former" webpages going back five years substantially outweighs the possibility of collecting any relevant information. IFPA produced the sales records for the accused works and identified the limited sales in Texas and the District.

Without waiving any objections, IFPA is producing the current pages available at https://www.ifpa-fitness.com as a zip file at IFPA_00002. The current website is also available at https://www.ifpa-fitness.com. IFPA_0004 shows the https://www.ifpa-fitness.com/product-category/certifications/ and https://www.ifpa-fitness.com/product/corrective-exercise-specialist/ pages as they existed on October 7, 2022. IFPA removed these pages from its website on the advice of counsel.

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and Communications concerning any event occurring in Texas (or, if virtual, accessible in Texas), which IFPA hosted, attended, or participated in, including but not limited to, any IFPA exams which were conducted at a location in Texas, or any conferences, workshops, webinars, seminars, guest appearances, awards, or podcasts.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information not relevant to Plaintiff's claim

3

of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint. It imposes an undue burden on IFPA to review five years of "Communications and Documents concerning any event occurring in Texas (or, if virtual, accessible in Texas)" to see if the event occurred in or was "accessible from Texas." The burden of locating and producing those documents substantially outweighs the possibility of collecting relevant information.

Without waiving any objections, IFPA has no responsive documents. IFPA has not participated in or attended any conferences, workshops, webinars, seminars, awards, or podcasts that, to its knowledge, "occurred" in Texas since January 1, 2018. Nor has it hosted, attended, or participated in any IFPA exams conducted at a location in Texas since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 6:** Produce all of Defendants' social media (e.g. Facebook, Instagram, Twitter, LinkedIn, Tic Tok, etc.…) account posts and messages and lists of followers for each such accounts.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint. Requesting all of IFPA's social media posts and followers is too broad. The scope of the request includes numerous posts and communications unrelated to Plaintiff's claim of specific jurisdiction. Only posts and messages concerning the sale or distribution of the accused works are relevant to whether the Court has specific jurisdiction over IFPA. But the burden of locating a producing those documents substantially outweighs the possibility of collecting any relevant information. IFPA produced the sales records for the accused works and identified the limited sales in Texas and the District. Moreover, Plaintiff can access IFPA's social media posts at https://www.facebook.com/ifpa.fitness and https://www.instagram.com/ifpa_fitness/.

**REQUEST FOR PRODUCTION NO. 7:** Produce all Google Analytics reports for IFPA's Website, any of Defendants' social media accounts, and any other data compilations or analyses of data from IFPA's website.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint. Requesting "all" Google Analytics reports for IFPA's Website" since January 1, 2018, is too broad. The scope of the request includes numerous website pages and content unrelated to Plaintiff's claim of specific jurisdiction. Only the pages that promoted and distributed the accused works are relevant to whether the Court has specific jurisdiction over

IFPA. But the burden of collecting the requested analytics substantially outweighs the possibility of collecting any relevant information. Similarly, the burden of collecting, reviewing, and producing data compilations or analyses of IFPA's social media accounts substantially outweighs the limited possibility of collecting any relevant information. IFPA produced the sales records for the accused works and identified the limited sales in Texas and the District.

Respectfully submitted December 29, 2022.

> THOMAS P. HOWARD, LLC
>
> By: /s/ Scott E. Brenner
> Thomas Howard, admitted pro hac vice
> Scott E. Brenner, admitted pro hac vice
> 842 W. South Boulder Rd.
> Suite #100
> Louisville, CO 80027
> (303) 665-9845
> sbrenner@thowardlaw.com
> thoward@thowardlaw.com
> *Counsel for IFPA - International Fitness Professionals Association, Inc. and Dr. James Bell*

## Certificate of Service

I hereby certify that on December 29, 2022, a copy of this document was served on the following as indicated:

Via email:

> Isabelle M. Antongiorgi isabelle@dunhamllp.com
> David E. Dunham david@dunhamllp.com

> s/  Scott E. Brenner

5