# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **THE BIOMECHANICS LLC,** §<br>*Plaintiff*, §<br>§<br>v. §<br>§ CASE NO. 6:22-cv-974-ADA-JCM<br>§<br>**INTERNATIONAL FITNESS** §<br>**PROFESSIONALS ASSOCIATION, INC.** §<br>and **DR. JAMES BELL** §<br>*Defendants*. §<br>§ | |

INTERNATIONAL FITNESS
PROFESSIONALS ASSOCIATION, INC.'S
RESPONSE TO THE BIOMECHANICS LLC'S
FIRST SET OF REQUESTS FOR ADMISSION

    International Fitness Professionals Association, Inc. ("IFPA") by and through its undersigned counsel submits the following responses to The Biomechanics LLC, First Set of Requests for Admission. IFPA expressly reserves the right to continue its discovery and investigation herein for facts, witnesses, and supplemental data, which may reveal information that, if presently within its knowledge, would have been included in these objections and responses. Accordingly, the objections and responses set forth below represent only information currently known following reasonable investigation in responding to these discovery requests with the time and reasonable resources available. The objections and responses set forth below do not preclude IFPA from relying on information discovered after further investigation or discovery which, if known at this time, would have been included in these objections and responses.

Unless otherwise indicated, these requests cover the period from January 1, 2018, through the present.

**REQUEST FOR ADMISSION NO. 1:** Admit that the IFPA Website is an interactive website.

**RESPONSE:** IFPA admits that its website allows users to make purchases on its website, complete certain tests on the website, and submit comments. IFPA denies the IFPA website establishes specific jurisdiction over IFPA for alleged copyright infringement of the works alleged in Plaintiff's complaint and denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 2:** Admit that users interact with the IFPA Website by either selecting a product or service and submitting requested information to complete the

transaction or by submitting questions or comments.

**RESPONSE:** IFPA admits that its website allows users to make purchases on its website, complete certain tests on the website, and submit comments. IFPA denies the IFPA website establishes specific jurisdiction over IFPA for alleged copyright infringement of the works alleged in Plaintiff's complaint and denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 3:** Admit that IFPA maintains one or more social media accounts followed by persons in Texas.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. IFPA lacks sufficient knowledge to admit or deny this Request. It does not know, nor can it reasonably determine if its "social media accounts [are] followed by persons in Texas."

**REQUEST FOR ADMISSION NO. 4:** Admit that IFPA has sold a product or service to one or more persons in Texas.

**RESPONSE:** Objection. This request is compound, vague, confusingly ambiguous, overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information that is not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint.

Without waiving any objections, IFPA admits it has sold a product or service to a person with an address in Texas and denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 5:** Admit that IFPA has sold a product or services to one or more person in the Western District of Texas.

**RESPONSE:** Objection. This request is compound, vague, confusingly ambiguous, overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information that is not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint.

Without waiving any objections, IFPA admits it has sold a single copy of the *Corrective Exercise Specialist* course to a person with an address in the District and denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 6:** Admit that IFPA has sold the IFPA CES Course to one or more persons in Texas.

**RESPONSE:** IFPA admits it has sold a copy of the *Corrective Exercise Specialist* course to a person with an address in Texas and denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 7:** Admit that IFPA has sold a FitBit Course to one or more persons in Texas.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. This request seeks information that is not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint.

Without waiving any objections, IFPA admits it has sold two copies of the *Corrective Exercise Program Design For Back Pain* article to persons with an address in Texas and denies the remainder of the request. IFPA denies selling any copies of the *Corrective Exercise Program Design For Back Pain* article to persons with an address in the district.

**REQUEST FOR ADMISSION NO. 8:** Admit that the [sic] one or more IFPA certification exam has been conducted in Texas.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information that is not relevant to Plaintiff's claim of specific jurisdiction over IFPA for alleged copyright infringement of the works alleged in Plaintiff's complaint. IFPA does not know where the person was when they took the web-based exam.

Without waiving any objections, IFPA denies that it has conducted an exam in Texas since January 1, 2018. IFPA admits that a person with an address in Texas completed the *IFPA Corrective Exercise Specialist Course*, which includes an exam. IFPA conducted the exam online through its website.

**REQUEST FOR ADMISSION NO. 9:** Admit that IFPA has one or more IFPA Members in Texas.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information that is not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint.

Without waiving any objections, IFPA admits it has one or more members with an address in Texas and denies the remainder of the request. IFPA denies that having members in Texas who did not buy the accused works establishes specific jurisdiction over IFPA.

**REQUEST FOR ADMISSION NO. 10:** Admit that IFPA has issued or renewed certifications for persons in Texas.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information that is not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint.

Without waiving any objections, IFPA admits it has issued a certification for at least one person with an address in Texas and denies the remainder of the request. IFPA denies that issuing or renewing certifications for persons in Texas who did not buy the accused works establishes specific jurisdiction over IFPA.

**REQUEST FOR ADMISSION NO. 11:** Admit that IFPA has attended or participated in professional events in Texas, e.g. attendance or participation at conferences, guest speaker appearances, lectures, etc.

**RESPONSE:** Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It seeks information that is not relevant to Plaintiff's claim of specific jurisdiction over IFPA because it is not limited to the allegedly infringing works identified in Plaintiff's complaint. Whether or not IFPA has attended professional events in Texas is unrelated to Plaintiff's claim of specific jurisdiction.

Without waiving any objections, IFPA denies the request. It has not attended or participated in professional events in Texas since January 1, 2018.

Respectfully submitted December 29, 2022.

                 THOMAS P. HOWARD, LLC

By: /s/ Scott E. Brenner
Thomas Howard, admitted pro hac vice
Scott E. Brenner, admitted pro hac vice
842 W. South Boulder Rd.
Suite #100
Louisville, CO 80027
(303) 665-9845
sbrenner@thowardlaw.com
thoward@thowardlaw.com
*Counsel for IFPA - International Fitness Professionals Association, Inc.*

**Certificate of Service**

I certify that on December 29, 2022, a copy of this document was served on the following as indicated:

Via email:

    Isabelle M. Antongiorgi isabelle@dunhamllp.com
    David E. Dunham david@dunhamllp.com

    s/ Scott E. Brenner