# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **THE BIOMECHANICS LLC,** *Plaintiff*, <br><br> v. <br><br> **INTERNATIONAL FITNESS PROFESSIONALS ASSOCIATION, INC.** and **DR. JAMES BELL** *Defendants*. | § § § § § § § § § § § § CASE NO. 6:22-cv-974-ADA-JCM |

**DR. JAMES BELL'S RESPONSE TO THE BIOMECHANICS LLC'S
FIRST SET OF INTERROGATORIES**

Dr. James Bell, by and through his undersigned counsel, hereby submits the following responses to The Biomechanics LLC, First Set of Interrogatories. Dr. James Bell reserves the right to continue his investigation herein for facts, witnesses, and supplemental data, which may reveal information that, if presently within his knowledge, would have been included in these objections and responses. Accordingly, the objections and responses below represent only information currently known following a reasonable investigation in responding to these requests with the time and reasonable resources available. The objections and responses set forth below do not preclude Dr. Bell from relying on information discovered after further investigation or discovery, which, if known at this time, would have been included in these objections and responses.

Unless otherwise indicated, these requests cover the period from January 1, 2018, through the present.

**INTERROGATORY NO. 1:** Identify all interactions and Communications which Bell has with any persons or companies in Texas, including but not limited to any conferences, workshops, webinars, seminars, guest appearances, awards, or podcasts occurring in Texas or accessible in Texas. For each event or Communication, (a) identify the date and location; (b) the participants; and (c) briefly describe the nature of the event or Communication and Bell's role.

**RESPONSE:** Objection. This interrogatory is overbroad, unduly burdensome, and not proportional to the needs of limited jurisdictional discovery. It imposes an undue burden on Dr. Bell to investigate <u>all</u> of his "interactions and Communications" from the last five years to determine if the person or company is in Texas. It further requires him to investigate five years' worth of conferences, workshops, webinars, seminars, guest appearances, awards, or podcasts to see if the "event" occurred in Texas. The burden of searching for and reviewing the five years'

worth of "interactions and Communications" outweighs the limited possibility of finding documents relevant to whether the Court has specific jurisdiction over Dr. Bell. The unlimited subject matter of the request imposes a further undue burden.

Without waiving these objections, Dr. Bell is unaware of any "interactions or Communications" with any person or company in Texas. Further, Dr. Bell has not participated in or attended any conferences, workshops, webinars, seminars, awards, or podcasts that, to his knowledge, "occurred" or were accessible in Texas. Nor has he made any guest appearances in Texas or at events that, to his knowledge, "occurred" or were accessible in Texas.

**INTERROGATORY NO. 2:** State the search parameters used by Bell in collecting and producing documents and information in responding to discovery in this Lawsuit. Please identify
1. all sources searched, including (a) all email accounts searched and their respective custodians; and (b) all non-email repositories searched (e.g. social media accounts, computer hard drives, cloud-based repositories, or hard files) and their respective custodians; and
2.   the time frame and any keywords used to search the sources.

**RESPONSE:** Objection. This interrogatory is compound. Without waiving this objection, Dr. Bell has searched his jbell@ifpa-fitness.com email account for emails that contain the word "Texas" or the abbreviation "TX." Dr. Bell did not search social media accounts because he does not use social media to conduct business. Social media interactions are not relevant to Plaintiff's claim of specific jurisdiction.

## Verification

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

_____
James Bell

Date: 12 / 28 / 2022
_____

Respectfully submitted December 29, 2022.

THOMAS P. HOWARD, LLC

By: /s/ Scott E. Brenner
Thomas Howard, admitted pro hac vice

Doc ID: 5290d61605689ba6483fd9b8c05343ae9cf2b1b6

          Scott E. Brenner, admitted pro hac vice
          842 W. South Boulder Rd.
          Suite #100
          Louisville, CO 80027
          (303) 665-9845
          sbrenner@thowardlaw.com
          thoward@thowardlaw.com
          *Counsel for IFPA - International Fitness Professionals Association, Inc. and Dr. James Bell*

### Certificate of Service

I certify that on December 29, 2022, a copy of this document was served on the following as indicated:

Via email:

    Isabelle M. Antongiorgi isabelle@dunhamllp.com
    David E. Dunham david@dunhamllp.com

          s/ _Scott E. Brenner_

Doc ID: 5290d61605689ba6483fd9b8c05343ae9cf2b1b6



Audit trail

| | |
|---|---|
| Title | Dr. Bell Resp to 1st ROGs.pdf |
| File name | 2022-12-29%20-%20...%201st%20ROGs.pdf |
| Document ID | 5290d61605689ba6483fd9b8c05343ae9cf2b1b6 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

This document was requested from app.clio.com

## Document History

**SENT** — 12 / 28 / 2022  23:47:11 UTC
Sent for signature to IFPA - Int'l Fitness Prof'ls Assn., Inc. (jbell@ifpa-fitness.com) from sbrenner@thowardlaw.com
IP: 96.69.167.85

**VIEWED** — 12 / 29 / 2022  04:17:21 UTC
Viewed by IFPA - Int'l Fitness Prof'ls Assn., Inc. (jbell@ifpa-fitness.com)
IP: 107.191.1.17

**SIGNED** — 12 / 29 / 2022  04:18:48 UTC
Signed by IFPA - Int'l Fitness Prof'ls Assn., Inc. (jbell@ifpa-fitness.com)
IP: 107.191.1.17

**COMPLETED** — 12 / 29 / 2022  04:18:48 UTC
The document has been completed.

Powered by Dropbox Sign